UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD B. FOREWRIGHT, ) | |
| ) | |
| Plaintiff, ) | No. 3:16-cv-00015 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| ROBERTSON COUNTY JAIL and ) | |
| CASSIE L/N/U, ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

The plaintiff, an inmate at the Robertson County Jail in Springfield, Tennessee,[1] brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Cassie l/n/u, a nurse employed by Southern Health Partners, and the Robertson County Jail, alleging that he was denied adequate and timely medical treatment by the defendants after an injury he sustained at the Robertson County Jail. (Docket No. 1). As relief, the plaintiff seeks compensatory and punitive damages. (*Id*. at p. 12).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

---

[1]The plaintiff has not provided any type of inmate identification number.

1

governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

II. **Section 1983 Standard**

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates

2

a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III. Alleged Facts**

According to the complaint, on November 16, 2015, the plaintiff slipped and fell on some water in his cell while incarcerated at the Robertson County Jail. As a result, he injured his shoulder and hit his head. The plaintiff told the correctional officer in the tower that he needed to see a nurse for his shoulder injury, but the correctional officer told the plaintiff that "the other C/O's were too busy right now to carry [the plaintiff] to medical." (Docket No. 1 at p. 5). The complaint alleges that the plaintiff waited two and one-half to three hours before the officers carried him to the medical department. There, the plaintiff alleges that the nurse did not know how to treat the plaintiff's shoulder injury.

The plaintiff was then transported to Northcrest Medical Center where the plaintiff was diagnosed with a contusion. He was then returned to the Robertson County Jail. He received no medication for pain.

On November 18, 2015, the plaintiff was transported again to the Northcrest Medical Center to see an orthopaedic specialist, who diagnosed the plaintiff with a "3rd degree [shoulder] separation" injury. (*Id.* at p. 6). The plaintiff believes that he was not treated properly by the "medical staff or the jail staff." (*Id.*)

## IV.     Analysis

First, the plaintiff names the Robertson County Jail as one of two defendants to this action. However, a jail or justice center is a building where prisoners are held and therefore is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a § 1983 claim upon which relief can be granted against the Robertson County Jail.

Giving this *pro se* complaint a liberal construction, the court could construe the plaintiff's allegation as an attempt to state a claim against Robertson County. However, while Robertson County is a suable entity, it is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). A municipality may be liable under § 1983 "only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. Thus, to state a municipal liability claim, a plaintiff must

adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

In this case, reading the *pro se* allegations generously, the plaintiff alleges that the Robertson County Jail's corrections officers were inadequately trained with regard to how to handle inmates' medical conditions and emergencies; as a result, the plaintiff did not receive proper medical treatment. The complaint also names "Nurse Cassidy" of Southern Health Partners as a defendant, asserting that she, too, was inadequately trained as to how to treat the plaintiff's shoulder injury. (Docket No. 1 at pp. 6, 12).

The Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

In order to state an Eighth Amendment violation, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference requirement is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"

5

*Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)(citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)). "The failure to address a serious medical need rises to the level of a constitutional violation where both objective and subjective requirements are met." *McCarthy v. Place*, 313 Fed. Appx. 810, 814 (6th Cir. 2008). "The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious'" and 'that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)(quoting *Farmer*, 511 U.S. at 834). "To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'" *Id.* Claims of negligence are insufficient to entitle a plaintiff to relief. *See Farmer,* 511 U.S. at 835.

Without more, the plaintiff here has not alleged that the course of action taken by the defendants in this case was constitutionally deficient. The complaint alleges that the defendants' conduct was negligent (Docket No. 1 at p. 12) and that the plaintiff's claims in this case were the result of "the medical staff or the jail staff [not] handl[ing] [the plaintiff's] situation properly" (*Id.* at p. 6). However, the complaint falls short of alleging that any officer acted with a "sufficiently culpable state of mind" when responding to the plaintiff's injury. The officers told the plaintiff that they were "too busy" to transport him to the medical department at the time of his injury and there was some delay in getting the plaintiff to the nurse for treatment. However, once the nurse stated that she could not treat the plaintiff, he was transported to a local hospital and subsequently to a specialist for treatment for his shoulder injury. Regardless of whether this course of action reflects negligent behavior on the part of the corrections officers, it does not suggest any deliberate indifference by them to the plaintiff's medical condition. A county cannot be held liable under § 1983 on a negligence theory. *Gibson v. Matthew*, 926 F.2d 532, 537 (6th Cir. 1991). Neither can

a county be held liable for gross negligence. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994). The complaint therefore fails to state a claim against Robertson County upon which relief can be granted.

Likewise, the allegations against Nurse Cassie l/n/u are that she was inexperienced and negligent in being unable to treat the plaintiff's shoulder injury at the jail. Southern Health Partners, the corporate entity that is contractually obligated to deliver medical care to inmates at the Robertson County Jail and Nurse Cassie's employer, has no § 1983 liability to the plaintiff if the conduct complained of is not a constitutional violation. *See Bowman v. CCA,* 350 F.3d 537, 545 (6th Cir. 2003). As discussed above, the alleged negligent conduct of which the plaintiff complains is insufficient to state a constitutional claim. Accordingly, the court finds that the plaintiff has failed to state a viable Eighth Amendment violation against either defendant.

**V.     Conclusion**

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to the named defendants and as to Robertson County, Tennessee. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the complaint will be dismissed.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge

7